IN RE ESTATE OF MCKINNON: FARMERS NATIONAL BANK & TRUST CO. OF ASHTABULA, APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 1119—Decided June 13, 1983.)

*Mr. J. Talbot Young, Jr.,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Richard C. Farrin,* for appellee.

COOK, P.J. On December 19, 1976, Porter C. McKinnon died testate. His last will and testament was admitted to probate and Farmers National Bank & Trust Company and decedent's son and daughter, Porter C. McKinnon, Jr. and Nancy M. Hinsdale, were appointed coexecutors of the estate.

On September 19, 1977, the co-executors filed the federal and state estate tax returns for the estate. The gross estate for both federal and state purposes included nine hundred forty-two shares of ABS Industries, Inc. common stock valued at $356,656 or $368 per share.

Subsequently, the Ohio Tax Commissioner, appellee herein, and the estate, appellant herein, entered into a "federal agreement" under R.C. 5731.26(C), agreeing to have the Ohio estate tax liability determined after the final determination of the federal estate tax liability as to all issues and valuation on which the federal and state law corresponded. The parties agreed:

"* * * that the Ohio Estate Tax liability as to all issues and valuations on which Ohio and Federal Law correspond shall be fixed and determined in accordance with the final determination of such issues and valuations for Federal Estate Tax purposes, provided that the same valuation date has been properly elected and allowed on both the Ohio and Federal Estate Tax returns. * * *

"Taxpayer expressly agrees that he shall within sixty (60) days after the final determination of the Federal Estate Tax Liability furnish to the Tax Commissioner a copy of the Federal Closing Letter (Form L-154), pages 1 and 3 of the Form 706 and, if there are any adjustments, the Federal Examiners (final report)."

As a result of an Internal Revenue Service ("IRS") examination of appellant's federal estate tax return, changes were made in said federal return which resulted in an increase in the federal estate tax due of $8,765.35, which was paid. The estate tax value of the ABS Industries stock was not changed. However, at the time of issuance of its examination, the IRS, in a Letter 627, retained a right to reopen the federal estate tax proceedings within the three-year federal statutory period of limitations. Copies of the Letter 627 and the IRS examination were sent to the Ohio Department of Taxation.

As a result of the IRS examination, adjustments were made to the Ohio Estate Tax return pursuant to the "federal agreement" and an additional Ohio estate tax was paid by appellant. Appellee issued his certificate of Final Ohio Estate Tax Liability which certified that appellant's final estate tax liability had been assessed and paid.

However, on September 16, 1980, three days prior to the end of the three-year statute of limitations for assessment under Internal Revenue Code Section 6501(a), the IRS issued a statutory notice of deficiency to appellant. After discussions with the IRS, appellant did not ask for a redetermination of the tax shown due by the IRS in its notice of deficiency. On January 20, 1981, the IRS issued its notice of tax due and the tax was paid by appellant.

Information as to the most recent adjustments to the federal estate tax was forwarded to appellee. At the same time, appellant notified appellee that no further Ohio estate tax could be determined since the period of limitation for determining the Ohio estate tax, as set forth in R.C. 5731.38, had expired on September 22, 1980.

On October 5, 1981, appellee issued an "Adjustment and Hearing Notice" to appellant. On November 16, 1981, appellee issued a "Certificate of Determination of Ohio Estate or Additional Tax" which, based on the IRS re-evaluation of the ABS Industries stock, determined an additional $23,279.44 state estate tax was due.

Appellant filed an exception to appellee's November 16, 1981 determination that additional taxes were due. The probate court overruled appellant's exception.

Appellant has appealed the judgment of the trial court and has filed the following assignment of error:

"The trial court erred to the prejudice of appellant in overruling its Exception to Certificate of Determination of Ohio Estate Tax, by its holding that the signing of a Federal Agreement between the State of Ohio and the Co-Executor tolls the statute of limitations (O.R.C. § 5731.38) against the estate tax determinations."

The assigned error is without merit.

R.C. 5731.38 provides:

"No liability for the payment of taxes levied under Chapter 5731. of the Revised Code, including all interest and penalties thereon, may be determined as to the return required to be filed under section 5731.21 of the Revised Code, subsequent to three years after such return is filed, and as to the return required to be filed under section 5731.24 of the Revised Code, subsequent to three years after such return is filed. Any lien in realty created under Chapter 5731. of the Revised Code shall become void upon the expiration of ten years after the date of decedent's death.

*"In the event there is litigation pending at the expiration of such three-year period for the determination or collection of any such tax, including interest or penalties thereon, the liability for the payment thereof continues until the expiration of one year after final determination of such litigation."* (Emphasis added.)

R.C. 5731.26 sets forth the powers and duties of the Tax Commissioner. In subsection (B), the commissioner is required to give notice of any proposed adjustments to a state of Ohio estate tax return and set a hearing on said adjustments. Subsection (C) provides:

"At or before the time of the hearing specified in such notice, the person or corporation filing the return and the tax commissioner may agree in writing to have the correctness of the return as to any item determined in accordance with the final determination of such item for federal estate tax purposes. If such agreement is made, the person or corporation filing the return shall, within sixty days after the final determination of the federal estate tax liability, furnish to the

tax commissioner such information as may be required to determine the tax in accordance with such agreement, and the tax commissioner shall make his final determination of tax liability in the same manner as is provided in section 5131.27 [*sic*] of the Revised Code."

Appellant contends that the three-year limitation of R.C. 5731.38 had expired at the time the IRS made its final determination and, consequently, the tax commissioner could not impose any additional assessments based upon that final determination.

However, appellant's contention must fail for two reasons.

First, although R.C. 5731.38 provides a general limitation of three years after an Ohio estate tax return is filed for determination of taxes levied under R.C. Chapter 5731, the same section provides that where there is litigation pending at the expiration of the three-year period, liability for the payment continues until the expiration of one year after final determination of such litigation.

The obvious legislative intent of that portion of R.C. 5731.38 referring to pending litigation is to include any litigation which would affect the determination of the estate tax liability. If such language were construed to refer only to litigation for the determination of the Ohio estate tax, as argued by appellant, Ohio could be effectively precluded from determining and collecting estate tax liability because of litigation between the estate and third parties over which the state has no control.

In the cause *sub judice*, the commissioner issued a certificate of determination for additional estate taxes based upon the IRS re-evaluation and determination of deficiency, within one year of the conclusion of said litigation concerning the federal estate tax proceedings.

Second, appellant is estopped from asserting the statute of limitations after having knowingly entered into the agreement to have Ohio estate taxes deter-

mined on the basis of the final determination of federal estate taxes. It is well-settled that the doctrine of estoppel may be applied to prevent an inequitable resort to a statute of limitations. *Dietrick* v. *Noel* (1884), 42 Ohio St. 18, 22; *Wright* v. *City of Lorain* (1942), 70 Ohio App. 337 [25 O.O. 89]. In the cause *sub judice*, appellant led the tax commissioner to rely upon that agreement and to forego making a final Ohio estate tax assessment until after the IRS had made its final determination.

Judgment affirmed.

*Judgment affirmed.*

DAHLING and FORD, JJ., concur.