### Kroger Co. v. Limbach, Tax Commissioner
*[Cite as 5 AOA 28]*

*Case No. C-890303*
*Hamilton County, (1st)*
*Decided July 11, 1990*

Roger F. Day, Esq., Jones, Day, Reavis & Pogue, 1900 Huntington Center, 41 South High Street, Columbus, Ohio 43215, for Plaintiff-Appellant.

Anthony J. Celebrezze, Jr., Attorney General, and Richard C. Farrin, Esq., State Office Tower, Sixteenth Floor, 30 East Broad Street, Columbus, Ohio 43266, for Defendant-Appellee.

Per Curiam.

This cause came on to be heard upon the appeal from the Board of Tax Appeals on the transcript of the record of proceedings of the board, the evidence considered by the board and the briefs and arguments of counsel.

The record reflects that there is an interrelationship between the federal income tax and the Ohio franchise tax:

"That is, the Ohio franchise tax is primarily based on taxable income as calculated and reported for federal income-tax purposes. If subsequent changes occur in federal income-tax obligations,

such changes can produce corresponding changes in Ohio franchise-tax obligations."

The instant matter concerns a reduction in appellant's federal tax liability for the federal return year of 1978. The reduction in federal tax liability was determined through prolonged and continual auditing procedures that concluded in a settlement on May 29, 1985. The appellant subsequently filed a franchise-tax refund application with the appellee on January 7, 1987, basing its request on the final federal income-tax determination. The appellee dismissed the refund application for want of jurisdiction, indicating that the application was not filed within the three-year period required by R.C. 5733.12, and that dismissal was upheld by the Ohio Board of Tax Appeals.

In the version of R.C. 5733.12[1] that is pertinent to our inquiry here, the filing requirements for refund applications are stated in this manner:

"The treasurer of the state shall refund to the corporation the amount of taxes paid illegally or erroneously, or paid on any illegal or erroneous assessment, with interest thereon as provided by section 5733.26 of the Revised Code. Applications shall be filed with the tax commissioner, on the form prescribed by him, within ninety days from the date it is ascertained that the assessment or payment was illegal or erroneous, provided that in any event such application for refund must be filed with the commissioner within three years from the date of the illegal payment of the tax ***."

Appellant frames a single assignment of error in this appeal:

"The Board of Tax Appeals unreasonably and unlawfully failed to grant appellant a refund of Ohio corporate franchise tax for tax return year 1978."

Appellant argues that the three-year limiting period set forth in F.C. 5733.12 for a corporate taxpayer to file a refund application does not commence until a formal determination is made that the prior payment was illegal or erroneous. Appellant states that its payment in 1978 of its 1977 franchise tax could not be determined illegal or erroneous at the time payment was remitted because the payment did not become illegal or erroneous until 1985, when the federal audit and agreement were finalized.

Appellant claims, therefore, that its refund application was timely filed as it was submitted within the statutory three-year period following the audit agreement with the IRS in 1985. This court in *Petrie v. Lindley* (Feb. 19, 1986), Hamilton App. No. C-850242, unreported, dealt with a similar question, stating:

"The question which must be answered is:

"When is a tax payment illegal, erroneous, or excessive?" Is it when a payment is made even though its legality, accuracy, and adequacy are not determined? Does a postpayment determination that a payment is illegal, erroneous, or excessive fix the time of such determination *as the start of the period with which an application for refund must be made? The last possibility is the most reasonable interpretation* of R.C. 5747.11. It is manifestly unreasonable to interpret a law so as to require a taxpayer to make application for a refund of tax erroneously paid before the payment is known to be in error. That interpretation *is particularly egregious when the circumstance giving rise to the error in payment results from federal audit."* [Emphasis added.]

We observe in the case *sub judice* that at the time the statutory three-year period from the date of payment had expired, appellant's right to a refund based on the final federal tax audit bad not then accrued. We hold that to obliterate appellant's statutory right before it accrued is tantamount to an unconstitutional application of R.C. 5733.12. In these circumstances, while *Coca-Cola v. Lindley* (1978), 54 Ohio St. 2d 1, 374 N.E. 2d 400, paragraph one of the syllabus, provides the statutory construction for the filing deadline in tax-refund cases generally, it does not control the separate question of the statute's application on a case-by-case basis.

We hold that the decision of the Board of Tax Appeals which affirmed the action of the commissioner in the matter *sub judice* was predicated upon an unreasonable and unconstitutional application of R.C. 5733.12, and the appellant's assignment of error is, therefore, sustained to the extent that the Board should have considered the refund application on its merits.

The judgment is reversed and the cause remanded to the Board of Tax Appeals for further proceedings consistent with law and with this Decision.

*Judgment reversed and cause remanded.*

DOAN, P.J., SHANNON and HILDEBRANDT, J.J.

---

[1] We note that several intervening amendments have produced material differences between the present version of the statute and the one under consideration here.