[Cite as *In re Estate of Kahn*, 2014-Ohio-4721.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: ESTATE OF HARRY KAHN | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 13-CA-33 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Guernsey County
                                Court of Common Pleas, Probate
                                Division, Case No. 75-PE-36062



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               October 22, 2014



APPEARANCES:

For Plaintiff-Appellee Jadco Energy, Inc.        For Defendant-Appellant Norman Kahn

OWEN J. RARRIC                                   SHAWN J. ORGAN
DEAN A. SWIFT                                    DOUGLAS R. COLE
MATTHEW W. ONEST                                 GERROD L. BEDE
ALETHA M. CARVER                                 Organ Cole & Stock LLP
Krugliak, Wilkins, Griffiths & Dougherty Co.,    1335 Dublin Road, Suite 104D
L.P.A.                                           Columbus, OH 43215
4775 Munson Street NW/PO Box 36963
Canton, OH 44735-6963

*Baldwin, J.*

{¶1}  Appellant Norman Kahn appeals from the December 4, 2013 Judgment Entry of the Guernsey County Court of Common Pleas, Probate Division, denying his Motion to Reopen the Estate of Harry Kahn.

STATEMENT OF THE FACTS AND CASE

{¶2}  In May of 1969, Harry and Libbie Kahn, who were husband and wife, entered into an oil and gas lease with B.L. Lawrence related to approximately 700 acres in Guernsey County. The lease provided that the Kahns were entitled to royalties on the "1/8 part of all oil produced … and  [the] 1/8 part of gas sold from said premises…"  The lease stated that it would remain in effect "so long as oil and gas are produced in paying quantities in any wells…"

{¶3}  In 1973, the Kahns sold the surface rights to their property to Salt Fork Campgrounds, Inc., but  excepted "certain oil and gas lease from Harry and Libbie Kahn to B. L. Lawrence, dated May 21, 1969, and partially assigned to Chief Drilling, Inc. by assignment dated May 24, 1969, and certain oil and gas lease from Harry and Libbie Kahn to Rabco, Inc. as recorded in Volume 52, Page 447, Lease Records of Guernsey County, Ohio."

{¶4}  Two of the three oil and gas wells that have been drilled on the Kahn property in accordance with the lease are still producing.

{¶5}  In 1975, Harry Kahn passed away and on October 30, 1975, an estate was opened in Guernsey County Probate Court.  Harry Kahn, in his Last Will and Testament, had left one-half of all his property, real, personal or mixed to his wife, Libbie Kahn, and had left one-quarter each to his sons, appellant and Nathaniel Kahn.

{¶6} In 2003, Nathaniel Kahn died and appellant, pursuant to terms of Nathaniel Kahn's Last Will and Testament, inherited all of his property, whether real, personal or mixed. After Libbie Kahn, appellant's mother, died in 2003, appellant, who was the sole surviving beneficiary of the Estate of Harry Kahn, owned all of the undistributed assets of such estate.

{¶7} As memorialized in a Judgment Entry filed in Guernsey County Probate Court of February 7, 2007, the Probate Court authorized the transfer of the Kahn estate's interest in Kahn No. 1 and Kahn No. 2 wells to Jadco Energy, Inc. and ordered the Administrator of the Estate to execute a Bill of Sale to Jadco Energy, Inc for "1/8th of 8/8ths overriding [royalty] interest in Kahn No. 1 and Kahn No. 2 wells." A Nunc Pro Tunc Judgment Entry was filed on February 15, 2007 stating that the Administrator was to execute a Bill of Sale for 11.25% overriding royalty interest in the two wells to Jadco Energy, Inc. On or about March 20, 2007, the Bill of Sale was executed and assigned "11.25% overriding royalty interest in Kahn No. 1 and Kahn No. 2 wells" to Jadco Energy, Inc.

{¶8} Thereafter, on December 10, 2007, an Entry closing the Estate of Harry Kahn was filed in the Guernsey County Probate Court. The Entry stated that the estate "has been fully and lawfully administered, and the assets have been distributed…"

{¶9} On October 23, 2013, appellant filed a Motion to Reopen the Estate of Harry Kahn and for Leave to File Declaratory Judgment Action Instanter. Appellant, in his motion, alleged that the Estate had not sold all of its royalty interest in oil and gas wells on the property containing Kahn No. 1 and Kahn No. 2 wells and that it did not sell its interest in any subsequently drilled wells. Appellant alleged that the Kahn property

and the oil and gas rights relating to it were the subject of a lawsuit filed in the Civil Division of the Guernsey County Court of Common Pleas, and that he was allowed to intervene in such action to assert his interest in the overriding royalty interest retained by the Estate after the sale to Jadco. Appellant further noted that the trial court, in the civil case, had indicated that appellant should file a declaratory judgment action in the Probate Court to determine what contingent interest, if any, appellant may have in the royalty rights from the Estate.

{¶10} Appellant, in his motion in the Probate Court, stated that "[i]n order to proceed in the underlying civil case, [appellant] seeks to reopen the Estate to pursue declaratory judgment that: (1) the Estate sold only its 11.25% overriding interest in Kahn No. 1 and No. 2 wells to Jadco; and (2) the remainder of the Estate passes to [appellant], as the sole surviving beneficiary of the Estate."  Jadco Energy opposed appellant's motion.

{¶11} The trial court, via a Judgment Entry filed on December 4, 2013, denied appellant's motion, holding that did not have jurisdiction to reopen a closed estate that had been fully administered.  The trial court stated that it did not have jurisdiction to consider a declaratory judgment action after the estate had been closed.

{¶12} Appellant now raises the following assignments of error on appeal:

{¶13} THE PROBATE COURT COMMITTED LEGAL ERROR WHEN IT DETERMINED THAT IT LACKED THE POWER TO REOPEN AN ESTATE TO CLARIFY THE APPROPRIATE HANDLING OF AN ESTATE ASSET THAT HAD NOT BEEN ADDRESSED OR DISTRIBUTED DURING THE PROBATE COURT'S ADMINISTRATION AND SETTLING OF THE ESTATE.

{¶14} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO CONSIDER THE MERITS OF NORMAN KAHN'S DECLARATORY JUDGMENT ACTION ADDRESSING THE DISPOSITION OF A VALUABLE ESTATE ASSET THAT HAD NOT BEEN DISTRIBUTED DURING THE ADMINISTRATION OF THE ESTATE BASED ON A LEGAL ERROR THAT THE PROBATE COURT MADE REGARDING THE SCOPE OF THE PROBATE COURT'S JURISDICTION.

I, II

{¶15} Appellant, in his two assignments of error, argues that the court erred in denying his Motion to Reopen the Estate of Harry Kahn and for Leave to File Declaratory Judgment Action Instanter.

{¶16} As an initial matter, we note that "the denial of a motion to reopen an estate can effectively deny the right of the heirs to receive estate assets. Consequently, an order denying a motion to reopen an estate is a final order under R.C. 2505.02(B)(1) and is therefore capable of immediate review." *In re Chapman*, 8th Dist. No. 78296, 2001 WL 703871, 2 (Jun 21, 2001).

{¶17} R.C. 2109.35 states, in relevant part, as follows:

> The order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only as follows:
>
> The order may be vacated for fraud, upon motion of any person affected by the order or upon the court's own order, if the motion is filed or order is made within one year after discovery of the existence of the fraud. Any person who is subject to any legal

disability may file the motion at any time within one year after the removal of the legal disability or within one year after the person discovers the existence of the fraud, whichever is later, or the person's guardian or a successor guardian may do so during the period of the legal disability. If the death of any person occurs during the period within which the person could have filed the motion, the person's administrator or executor may file it within one year after the person's death.

The order may be vacated for good cause shown, other than fraud, upon motion of any person affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to appear in it; provided that, if the account settled by the order is included and specified in the notice to that person of the proceeding in which a subsequent account is settled, the right of that person to vacate the order shall terminate upon the settlement of the subsequent account. A person affected by an order settling an account shall be considered to have been a party to the proceeding in which the order was made if that person was served with notice of the hearing on the account in accordance with section 2109.33 of the Revised Code, waived that notice, consented to the approval of the account, filed exceptions to the account, or is bound by section 2109.34 of the Revised Code; but no person in being who is under legal

disability at the time of that proceeding shall be considered to have been a party to that proceeding unless the person was represented in it as provided in section 2111.23 of the Revised Code. Neither the fiduciary nor the fiduciary's surety shall incur any liability as a result of the vacation of an order settling an account in accordance with this division, if the motion to vacate the order is filed more than three years following the settlement of the fiduciary's account showing complete distribution of assets; but the three-year period shall not affect the liability of any heir, devisee, or distributee either before or after the expiration of that period.

The order may be vacated for good cause shown upon motion of the fiduciary, if the motion is filed prior to the settlement of the account showing that the fiduciary has fully discharged his trust.

A motion to vacate an order settling an account shall set forth the items of the account with respect to which complaint is made and the reasons for complaining of those items. The person filing a motion to vacate an order settling an account or another person the court may designate shall cause notice of the hearing on the motion to be served upon all interested parties who may be adversely affected by an order of the court granting the motion.

An order settling an account shall not be vacated unless the court determines that there is good cause for doing so, and the burden of proving good cause shall be upon the complaining party.

{¶18} Pursuant to R.C. 2901.35, the court is not required to vacate an order even if all of the requirements in the statute have been met. *In re Estate of Keeler,* 111 Ohio App.3d 657, 676 N.E.2d 1220 (10th Dist. 1996). The decision whether to grant a motion to reopen an estate is within the discretion of a probate court. *Wanamaker v. Davis,* 2nd Dist. Greene No.2005-CA-151, 2007-Ohio-4340, ¶ 34. An abuse of discretion "implies that the [trial] court's attitude is unreasonable, arbitrary, or unconscionable" *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶19} Appellant, in his Motion to Reopen, did not allege any of the above grounds as a reason for reopening the estate of his father. Appellant did allege fraud and, as a beneficiary of Harry Kahn's estate, was a party to the Probate proceeding. Moreover, appellant did not file his motion prior to the settlement of the final account.

{¶20} Appellant, in his brief, cites to *In re Rubenstein's Estate*, 46 Ohio Law Abs 91, 68 N.E.2d 668 (2nd Dist. 1943) in support of his argument that the court erred in denying his Motion to Reopen. In the *Rubenstein's* case, an undistributed certificate of deposit remained in the executor's possession after she filed her first and final account. After the State of Ohio took over the savings and loan that had issued the same, the executrix did not file a proof of claim on the certificate. The probate Court permitted the decedent's estate to be reopened in order to compel the executrix to file a proof of claim for the certificate.

{¶21} In affirming the decision of the Probate Court, the court, in *Rubenstein*, held, in relevant part, as follows:

It would seem obvious that if the certificate was at any time an asset of the estate, and the executrix apparently so considered it when she listed it as an asset in her inventory, then it should be distributed to the proper parties, and so long as it is in her hands as executrix the estate is not closed. It is probable that the executrix, before filing her first account, could have made a distribution of this item, but it appears that this was not done. The executrix still holds it.

{¶22} Id at 670-671.

{¶23} In contrast in the case sub judice, there were no identified estate assets in the executor's inventory that were not distributed. Moreover, as noted by appellee, appellant in this matter is not seeking to reopen the estate to distribute an asset belonging to the estate, but rather is seeking to reopen the estate to determine "whether the overriding royalty interest in subsequently drilled wells should be designated an estate asset."

{¶24} Appellant, in his brief, further argues that the trial court had jurisdiction to reopen the Estate in order to clarify its prior orders via a declaratory judgment action. Appellant notes that in *In re Estate of Smith*, 3rd Dist. Seneca No. 13-02-37, 2003-Ohio-1910, the Court held that the Probate Court had the power to reopen an estate to clarify a prior judgment in order to resolve an ambiguity in the will as to when the valuation of a farm, which was part of residue of the estate, would arise for purposes of provisions in the will requiring the residue of the estate to be divided equally and for the son to receive the farm.

{¶25} However, in this case, appellant is not seeking clarification. Rather, appellant is specifically seeking a determination by the Probate Court with respect to ownership of a royalty interest in subsequently drilled wells.

{¶26} Finally, appellant argues that the trial court determined that it lacked jurisdiction based on a misreading of the law. Appellant contends that the trial court should first have determined whether or not to reopen the Estate before concluding that it lacked jurisdiction to hear appellant's declaratory judgment action. Appellant notes that case law holds that a Probate Court cannot consider a declaratory judgment action while an estate is closed "but these cases do not suggest that the Court lacks jurisdiction to reopen the estate, and thereafter address the declaratory judgment action…"

{¶27} However, we concur with appellee that the court's decision that the estate had been fully administered and would remain closed "implicitly held that [a]ppellant had failed to demonstrate a sufficient reason to reopen the estate." We further find that appellant failed to establish any valid grounds for reopening the Estate.

{¶28} Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's Motion to Reopen the Estate of Harry Kahn and for Leave to File Declaratory Judgment Action Instanter. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶29} Appellant's two assignments of error are, therefore, overruled.

{¶30} Accordingly, the judgment of the Guernsey County Court of Common Pleas, Probate Division is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Delaney, J. concur.