[Cite as *In re Estate of Rogers*, 2026-Ohio-2054.]

IN THE COURT OF APPEALS OF OHIO

TENHT APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Estate of Ira J. Rogers, | : | |
| | : | No. 25AP-1003 (Prob. No. 605146) |
| [Jodi A. Howell, | : | |
| | | (REGULAR CALENDAR) |
| Appellant]. | : | |
| | : | |

D E C I S I O N

Rendered on June 2, 2026

**On brief:** *Jack G. Gibbs, Jr.*; *Giorgianni Law LLC*, and *Paul Giorgianni*, for appellee Danna Rogers, Administrator of the Estate of Ira J. Rogers. **Argued:** *Jack G. Gibbs.*

**On brief:** *Jodi A. Howell*, pro se. **Argued:** *Jodi A. Howell.*

APPEAL from the Franklin County Court of Common Pleas, Probate Division

DORRIAN, J.

{¶ 1}  Appellant, Jodi A. Howell ("Howell"), appeals pro se from a judgment of the Franklin County Court of Common Pleas, Probate Division, denying her motion for a formal accounting of the estate of Ira J. Rogers.  For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}  Ira J. Rogers died intestate on July 1, 2020, survived by five adult children: Danna M. Rogers ("Danna"), Larry Rogers, Sheree Y. Rogers ("Sheree"), Howell, and Tiffany L. Mathis.  On August 3, 2020, Danna applied to the probate court to be appointed special administrator and administrator of the estate.  That same day the probate court appointed Danna as special administrator of the estate.  A probate court magistrate conducted a hearing on Danna's application to be appointed as administrator of the estate.  Danna, Sheree, and Howell appeared at the hearing.  Following the hearing, the magistrate

issued a decision recommending that Danna be appointed as administrator of the estate. The magistrate noted that Danna was the only surviving child who applied to be appointed as administrator and found that despite animosity between the siblings, Danna had worked swiftly and efficiently to secure the estate's assets after being appointed as special administrator. The magistrate concluded that appointing Danna as administrator would best serve the interests of the estate. No timely objections to the magistrate's decision were filed. The probate court adopted the magistrate's decision and appointed Danna as administrator of the estate.

{¶ 3} In February 2021, Danna filed an inventory and appraisal of the value of the estate. The probate court issued a judgment entry approving the inventory on March 1, 2021. Danna filed an application for approval to sell personal property belonging to the estate, requesting authority to sell three vehicles, a tag-along camper, and certain tangible personal property. Howell filed a motion for discovery, requesting certain documents and records from Danna. Howell subsequently submitted exceptions to the inventory and moved to have Danna removed as administrator of the estate. In June 2021, Danna filed an application to amend the inventory and appraisal, requesting to add certain tangible personal property, and a second application for approval to sell personal property belonging to the estate, requesting authority to sell specified tangible personal property. On June 21, 2021, the magistrate held a hearing on the pending motions and applications. Following the hearing, the magistrate issued a decision recommending denial of Howell's motions for discovery and for removal of Danna as administrator, and her exceptions to the inventory. The magistrate also recommended granting Danna's application to amend the inventory and applications to sell personal property. No timely objections to the magistrate's decision were filed. The probate court subsequently adopted the magistrate's decision.

{¶ 4} In August 2022, Danna filed a report of newly discovered assets, reporting rental payments and other payments made to the estate since the filing of the original inventory. That same month, Danna filed a partial account detailing the receipts and disbursements for the estate. No exceptions were filed to the partial account, and on September 21, 2022, the probate court issued an entry approving the partial account.

{¶ 5}    In July 2023, Howell filed a notice of fiduciary misconduct, alleging Danna acted inappropriately based on postings made on social media.  In August 2023, Danna filed a report of newly discovered assets, reporting the existence of a guitar and certain payments made to the estate that had been discovered since the original inventory.  Danna also filed an application for approval to sell the guitar.  That same month, Danna filed an application for approval of proposed receipts and disbursements and proposed distribution calculation.  She also submitted an application for fiduciary fees with an itemized calculation and her attorney submitted an application for legal fees with an itemized statement of services rendered.  Howell filed objections to the applications for fiduciary fees and legal fees.  On September 13, 2023, the magistrate conducted a hearing on the pending applications.  Following that hearing, on September 22, 2023, the magistrate issued a decision modifying the amount of attorney fees to be paid to Danna's attorney and fiduciary fees to be paid to Danna and modifying the proposed disbursements.  The magistrate's decision also ordered Danna to file a final and distributive account by the end of December 2023.  Howell filed objections to the magistrate's decision, alleging that proceeds from life insurance policies were not being properly reported.  Then, in October 2023, Howell filed a motion for a formal accounting.  In December 2023, the probate court issued a judgment entry overruling Howell's objections and adopting the magistrate's September 22, 2023 decision.  The probate court also concluded that Howell's motion for a formal accounting was moot because the magistrate's decision ordered Danna to file a final accounting.

{¶ 6}    Howell filed another notice of fiduciary misconduct, referring to social media posts by Danna and alleging that Danna's administration of the estate had harmed her.  In January 2024, Danna filed a report of newly discovered assets, reporting the existence of life insurance proceeds paid to the estate that had been discovered since the original inventory.

{¶ 7}    On January 29, 2024, Danna filed a final fiduciary's account report.  Howell filed objections to the final fiduciary's account, raising numerous issues including allegations of fraud and failure to keep detailed records.  On March 11, 2024, the probate court issued an entry approving the final account submitted by Danna and settling the estate's accounts. On March 20, 2024, the magistrate issued a decision recommending that Howell's objections to the final account be dismissed on the grounds that all of the issues

raised in those objections had been addressed in prior judgments. Howell filed objections to the magistrate's decision. On May 9, 2024, the probate court issued a decision overruling Howell's objections and adopting the magistrate's decision. The probate court ordered that the account was approved and settled. Howell did not appeal the probate court's order.

{¶ 8} On October 15, 2025, Howell filed a motion for a formal accounting, alleging that Danna failed to file a proper accounting and requesting that the court order Danna to prepare a formal accounting of the estate. One week later, the magistrate issued a decision concluding that Howell failed to establish any of the criteria for reopening the final account under R.C. 2109.35 and recommending that the motion be dismissed. Howell filed objections to the magistrate's decision asserting that she and her siblings did not consent to the final account filed by Danna and alleging that the probate court magistrate made biased decisions. On December 19, 2025, the probate court issued a judgment entry overruling Howell's objections, adopting the magistrate's decision, and dismissing Howell's motion for formal accounting.

## II. Assignments of Error

{¶ 9} Howell appeals and assigns the following eleven assignments of error for our review:

> [I.] The trial court erred and abused its discretion in dismissing mostly all of Appellant's actions, making erroneous rulings.
>
> [II.] The trial court Plain Error erred and abused its discretion approving improper fees, account and distributions. Denying hearings on critical issues.
>
> [III.] The trial court erred and abused its discretion in dismissing Appellant's request for Hearings. Fiduciary Misconduct/Abuse of Discretion: Denying hearings for account approval, allowing excessive fees, more than 4 years of Self-dealing and mishandling of assets.
>
> [IV.] The trial court erred and abused its discretion in rejecting appellant's Notice of Newly Discovered Assets. Quitclaim Deed Validity: Appellant and Beneficiaries were unable to present the claims of lack of mental capacity, undue influence, fraud, or improper execution and transfer of Family Home by Administrator. Lack of Capacity: Beneficiary's mother lacked mental soundness due to illness when signing.

Undue Influence/Fraud: Administrator improperly pressured or deceived the mother.

[V.] The trial court erred and abused its discretion in dismissing appellant's action. Arguing beneficiaries lack standing to request an accounting or challenge Administration's actions because it was previously approved by the courts. Partial and Final Accounts were finalized without any Beneficiaries contents.

[VI.] The trial court erred and abused its discretion in dismissing appellant's action. Procedural Errors: Denying requests for Accounting, failing to schedule hearings after magistrate decisions, and violating due process.

[VII.] The trial court erred and abused its discretion in dismissing appellant's action. Asset Handling: Disputes over asset valuation, or failure to properly distribute assets. Improper Distribution: The administrator distributed assets incorrectly. Conflict Over Beneficiaries/Assets: Disputes over life insurances, alleged gifts and Self-dealing. Fiduciary Misconduct/Breach of Duty.

[VIII.] The trial court erred and abused its discretion in dismissing appellant's action. Lack of due process, misinterpretation of law, and issues of fiduciary appointments.

[IX.] The trial court erred and abused its discretion in dismissing appellant's action. No referral for Dispute Resolution and/or Mediation was offered during the entire 5 plus years Large Estate case in Franklin County Probate Court, Ohio.

[X.] The trial court erred and abused its discretion in dismissing appellant's action. Abuse of Discretion/Bias: The judge and magistrate showed hostility, prejudice, unequal treatment, and failed to rule on major issues.

[XI.] The trial court erred and abused its discretion in dismissing appellant's action. Failure to Adjudicate: The court refused to address central issues or provide due process. Denial of Due Process: Lower court refused to address merits of filings, denying motions to reconsider final orders without proper reason, or failing to allow Beneficiaries to present evidence of newly discovered assets, violating due process.

### III. Discussion

{¶ 10} Initially, we note that although Howell's brief sets forth eleven assignments of error, the brief contains only a single argument in support of all eleven assignments of error. An appellant's brief is required to include "[a]n argument containing the contentions of the appellant with respect to *each* assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Emphasis added.) App.R. 16(A)(7). The appellate rules further provide that "[t]he court may disregard an assignment of error presented for review if the party raising it . . . fails to argue the assignment *separately* in the brief, as required under App.R. 16(A)." (Emphasis added.) App.R. 12(A)(2). Pro se parties such as Howell are held to the same rules, procedures, and standards as parties represented by counsel. *Cirotto v. Am. Self Storage of Pickerington*, 2025-Ohio-1670, ¶ 19 (10th Dist.). At the beginning of her argument, Howell generally summarizes her eleven assignments of error by asserting that the probate court erred and abused its discretion by dismissing her motion for a formal accounting. Therefore, in the interest of justice, we will review her argument as supporting all eleven assignments of error within that broad context.

{¶ 11} Under R.C. 2109.301(A), "[a]n administrator or executor shall render an account at any time other than a time otherwise mentioned in this section upon an order of the probate court issued for good cause shown either at its own instance or upon the motion of any person interested in the estate." Howell's motion appeared to invoke this provision, asserting that the beneficiaries of an estate can compel a formal accounting and request specific records related to the estate. The same statute further provides that, with limited exceptions, the administrator of an estate "shall render a *final* account within thirty days after completing the administration of the estate or within any other period of time that the court may order." (Emphasis added.) R.C. 2109.301(A). "An account showing complete administration and distribution of assets shall be designated 'final and distributive account.' " R.C. 2109.30(B). The final fiduciary's account report that Danna filed on January 29, 2024, was designated as a final and distributive account. The probate court approved and settled the final account in its May 9, 2024 judgment.

{¶ 12} Under R.C. 2109.35, "[t]he order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment" and may be vacated only on the

grounds specified in that statute. Because Danna filed a final account and the probate court entered an order approving and settling the final account, the court properly treated Howell's motion as a request to vacate under R.C. 2109.35 rather than a request for an accounting under R.C. 2109.301(A).

{¶ 13} The probate court's decision whether to grant a motion to vacate under R.C. 2109.35 is subject to review for abuse of discretion. *In re Estate of Crain*, 2023-Ohio-571, ¶ 33 (11th Dist.); *In re Stropky*, 2018-Ohio-5371, ¶ 14 (5th Dist.). *See In re Estate of Keeler*, 111 Ohio App.3d 657, 662 (10th Dist. 1996) (noting that R.C. 2109.35(C) provides that the probate court may vacate an order and concluding that the statute does not require the court to vacate an order even if the statutory requirements are satisfied). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable; however, a court lacks authority to commit an error of law when exercising its discretion. *Campbell v. 1 Spring, L.L.C.*, 2024-Ohio-308, ¶ 10 (10th Dist.).

{¶ 14} Under R.C. 2109.35(A), an order settling an account "may be vacated for fraud, upon motion of any person affected by the order . . . if the motion is filed . . . within one year after discovery of the existence of the fraud." In her motion, Howell requested that Danna provide itemized receipts, disbursements, and assets for the period from August 3, 2020, to the date of the motion. Howell also requested bank statements for the estate's accounts and supporting documentation for the inventory and appraisal. Although Howell's motion generally claimed that the final account was inaccurate, it did not allege any fraud that had been discovered within one year of the filing of her motion. Therefore, the probate court did not abuse its discretion by concluding that Howell failed to demonstrate grounds to vacate the judgment under R.C. 2109.35(A).

{¶ 15} Under R.C. 2109.35(B), an order settling an account "may be vacated for good cause shown, other than fraud, upon motion of any person affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to appear in it." The statute further provides that "[a] person affected by an order settling an account shall be considered to have been a party to the proceeding in which the order was made if that person was served with notice of the hearing on the account in accordance with [R.C. 2109.33], waived that notice, consented to the approval of the account, filed exceptions to the account, or is bound by [R.C. 2109.34]."

Howell was a party to the proceeding and filed objections to the final account; therefore, R.C. 2109.35(B) did not apply to her motion. Finally, under R.C. 2109.35(C), an order settling an account "may be vacated for good cause shown upon motion of the fiduciary, if the motion is filed prior to the settlement of the account showing that the fiduciary has fully discharged his trust." That provision did not apply to Howell's motion because she was not the fiduciary.

{¶ 16} Based on our review of the record and Howell's motion, we cannot conclude that the probate court erred by concluding that Howell failed to demonstrate any of the criteria under R.C. 2109.35 for vacating an order settling an account. Therefore, the probate court did not abuse its discretion by denying Howell's motion.

{¶ 17} Accordingly, we overrule Howell's first through eleventh assignments of error.

**IV. Conclusion**

{¶ 18} For the foregoing reasons, we overrule Howell's eleven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

JAMISON and EDELSTEIN, JJ., concur.

————————