SWITZER, APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

(No. 73-252—Decided November 21, 1973.)

*Santen, Santen & Hughes Co., L. P. A.*, and *Mr. Franklin A. Klaine, Jr.*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Will Kuhlmann*, for appellee.

*Per Curiam.* Appellant is a fish hauler who purchases live fish from commercial fish farms and sells some of them to pay lakes. The pay lake operators release the fish in their lakes and charge their patrons a set fee for the privilege of fishing. A limit is generally imposed upon the number of fish a fisherman may catch and take home for the set fee.

R. C. 5739.02 levies a tax upon each retail sale made in this state. R. C. 5739.02(B)(2), however, specifically excepts from the application of the tax "sales of food for human consumption off the premises where sold."

Appellant claims that his sales of live fish to pay lakes are within the foregoing exception. Essentially, his argument is that, by paying the fee to the lake operator, the fisherman is buying the fish taken from the lake and transporting them home to eat; therefore, the fish are food which is sold to the fisherman for consumption off the premises.

Appellee contends that it cannot realistically be said that by paying the fee the fisherman is buying fish. We agree. Since the pay lake proprietor exacts his fee irrespective of whether any fish are caught, it is obvious that the fee is charged for the privilege of fishing. As was found by the Tax Commissioner, the purpose of the sales by the appellant to the pay lake operators is to stock their lakes with live fish to provide sport and relaxation for their patrons.

The finding of the Board of Tax Appeals, that the sales by appellant are not excepted from the sales tax, is neither unreasonable nor unlawful.

Appellant also asserts that, even if his sales are taxable, the state is estopped from collecting the tax for the audit period involved. In support of his contention, appellant testified before the board that he was advised

sometime in the early 1960's by an agent of the Department of Taxation that he was not required to collect the tax on his sales of fish to operators of pay lakes. Evidence adduced before the board also indicated that, until recently, the state has never attempted to tax this type of sale by other fish haulers.

In *Recording Devices* v. *Bowers* (1963), 174 Ohio St. 518, 190 N. E. 2d 258, this court held that estoppel does not apply against the state of Ohio as to a taxing statute. As appellant points out, in that case the court did recognize an exception to that general rule, when it appeared that the taxpayer had relied upon a letter from the Tax Commissioner stating that it was not liable for collection of the sales tax, and that the commissioner had followed a long-established policy of nonassessment with respect to the transactions there involved. The fact pattern of *Recording Devices* is far different from the instant record. Here, appellant relies solely upon an alleged verbal statement by an unidentified agent of the Department of Taxation.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.