H. C. ALBRING COMPANY, APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

[Cite as H. C. Albring Co. v. Kosydar (1976), 46 Ohio St. 2d 343.]

(No. 75-1215—Decided June 8, 1976.)

344

*Christy & Stehle Co., L. P. A.,* and *Mr. William L. Stehle,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* Appellant contends that the board erroneously refused to allow evidence to refute the alleged hearsay information used by the Tax Commissioner in conducting his audit, i. e., the cigarette manufacturers' reports.

This court, in *Sharwell Tobacco Co.* v. *Bowers* (1962), 174 Ohio St. 105, affirmed the position of the Board of Tax

Appeals that where a wholesale dealer has failed to comply with the mandate of R. C. 5743.071, that he "maintain complete and accurate records," the Tax Commissioner, pursuant to R. C. 5743.081, may "make an assessment * * * upon any information in his possession."

This court concludes from the record before it, as did the board, that the commissioner properly considered the manufacturers' reports in making the assessment herein.

Appellant contends further that the board incorrectly decided the issue of whether the Department of Taxation, by its long-established practice of allowing exemptions on appellant's cigarette sales to the military, is now estopped from taxing appellant on sales claimed to be identical.

It is axiomatic that "[e]stoppel does not apply to the state of Ohio as to a taxing statute." *Recording Devices* v. *Bowers* (1963), 174 Ohio St. 518.

Furthermore, this court has stated on many occasions that "[a] party seeking [a tax] exemption has the burden of demonstrating that he meets the statutory qualifications for tax exemption." *Wallover Oil Co.* v. *Ohio Water Pollution Control Bd.* (1972), 32 Ohio St. 2d 233, 234; *Co-operative Pure Milk Assn.* v. *Kosydar* (1976), 45 Ohio St. 2d 23, 24. The relevant statute here, R. C. 5743.01(D), specifically exempts from the cigarette tax "transactions in interstate and foreign commerce." Appellant has offered no evidence to show that the activities in question herein fall within the express meaning of R. C. 5743.01(D). See *Ohio Children's Society* v. *Porterfield* (1971), 26 Ohio St. 2d 30, 32.

Accordingly, the decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.