ORMET CORPORATION, APPELLEE, *v.*
LINDLEY, TAX COMMR., APPELLANT.

[Cite as Ormet Corp. v. Lindley (1982), 69 Ohio St. 2d 263.]

(No. 81-571—Decided February 17, 1982.)

Messrs. *Glander, Brant, Ledman & Newman, Mr. Charles F. Glander* and *Mr. James H. Ledman,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellant.

*Per Curiam.* Appellant, the Tax Commissioner (hereinafter "commissioner"), contends that when a direct pay permit is issued exempting tangible personal property from taxation, and, subsequently, the statutory provision for the exemption is repealed, then the direct pay permit is automatically canceled.

In support of this contention, appellant relies on former R. C. 5739.02(B)(17).[2] This provision, commonly referred to as the "use on use" exemption, created "a tax exemption for machinery being used, not to transform raw materials into a part of the product produced for sale, but rather to produce still further 'machinery' to be used in manufacturing the ultimate product." *Interlake* v. *Kosydar* (1975), 42 Ohio St. 2d 457, at page 468 (Paul W. Brown, J., dissenting).

The "use on use" exemption was enacted in 1962, re-

---

[2] Formerly, R. C. 5739.02, in relevant part, provided:

" * * * [A]n excise tax is hereby levied on each retail sale made in this state.
" * * *

"(B) The tax does not apply to the following:
" * * *

"(17) Sales to persons engaged in manufacturing, processing, assembling, or refining, of tangible personal property for use or consumption directly in the production by manufacturing, processing, assembling, or refining of other tangible personal property for use or consumption directly in the production of tangible personal property for sale by manufacturing, processing, assembling, or refining; and of material and parts for incorporation into any such tangible personal property for use or consumption in production. * * * " (129 Ohio Laws 1336, 1339.)

pealed in 1967, and reenacted in 1978 as R. C. 5739.02(B)(25). The commissioner argues that appellee's 1965 direct pay permit was issued pursuant to former R. C. 5739.02(B)(17), and, that in 1967, when the "use on use" exemption was repealed, so too was appellee's permit. We disagree.

Appellee's direct pay permit, issued in 1960, and premised upon the direct use exemption provided in R. C. 5739.01(E)(2), predated the enactment of the "use on use" exemption. Further, the evidence adduced before the board unequivocally demonstrates that subsequent permit revisions, in 1962, and 1965, continued to exempt the carbon anode plant under the direct use exemption. Accordingly, we view the repeal of R. C. 5739.02(B)(17) as having no impact upon appellee's permit, since the permit was never predicated upon that statute.

Additionally, the commissioner contends that the board erred in its determination that the subject permit was canceled "without cause." We agree. R. C. 5739.031 provides, in pertinent part:

"A permit granted pursuant to this section shall continue to be valid until surrendered by the holder or canceled for cause by the commissioner."

We view this language as providing sufficient cause for cancellation where, as in the cause *sub judice,* the commissioner discovers that a taxpayer has been extended an exemption due to a mistake of law. Accordingly, the commissioner's letter, dated February 25, 1977, in which appellee was notified that the "1965 [permit] is no longer approved or accepted," operated as a cancellation of the permit for cause.

The question remains, however, whether the commissioner may retroactively assess appellee. The commissioner argues that to prohibit the subject assessment of sales and use taxes would, in effect, constitute estoppel. It is well-established that "the principle of estoppel does not apply against the state with regard to a taxing statute." *American Handling Equipment Co.* v. *Kosydar* (1975), 42 Ohio St. 2d 150, 153; *H. C. Albring Co.* v. *Kosydar* (1976), 46 Ohio St. 2d 343, 345; *Switzer* v. *Kosydar* (1973), 36 Ohio St. 2d 65, 67. However, this court has recognized an exception to that general rule.

In *Recording Devices* v. *Bowers* (1963), 174 Ohio St. 518,

the taxpayer relied upon a letter from the commissioner stating that it was not responsible for the collection of sales tax in conjunction with the installation of time lock systems. In affirming the denial of an assessment, this court stated, at page 520:

" * * * [A]lthough the equitable principle of estoppel cannot operate against the state of Ohio, and * * * the Tax Commissioner cannot be bound in all cases by acts or opinions of employees, yet where a long-established practice has been followed, such administrative practice does have much persuasive weight especially where the practice has gone on unchallenged for a quarter of a century."

We find this rationale both persuasive and controlling. The differences between the present cause and *Recording Devices, supra,* are minimal. In both instances an exemption was granted, in writing, by the commissioner. Further, the error continued for an extended period of time. In *Recording Devices* the practice continued for 25 years. In the instant case, appellee consulted with the commissioner's office during the construction of the plant to ascertain sales and use tax liability on each item of machinery acquired for use in the plant. Mr. Jack W. Winner, a tax agent, was assigned to work with appellee on this project, which began in the mid 1950's. In 1977, Winner, then a supervisor of the audit review section of the commissioner's office, issued the letter canceling appellee's permit. Thus, while the initial permit arose in 1960, the commissioner's office viewed the carbon anode plant as exempt from the beginning of its construction—over 20 years.

Moreover, the present cause is distinguishable from those cases in which the taxpayer relies "solely upon an alleged verbal statement by an unidentified agent of the Department of Taxation." *Switzer, supra,* at page 67.

For the foregoing reasons, the decision of the Board of Tax Appeals, as modified, is hereby affirmed.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.