OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative Assistant.
Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this
pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West Publishing
Company for the final versions of these opinions.  The advance
sheets to Ohio St.3d will also contain the volume and page
numbers where the opinions will be found in the bound volumes of
the Ohio Official Reports.

Weiss, Officer of Boardman Country Kitchen, Inc., Appellant, v. Limbach, Tax Commr., Appellee.

[Cite as Weiss v. Limbach (1992),      Ohio St. 3d     .]

Taxation -- Sales tax -- Liability of original incorporator who is a substantial shareholder and served as company's president for unpaid sales tax -- Conditional payment plan agreement negotiated with Attorney General's Office -- State not estopped from collection effort against original incorporator.

(No. 91-1209 - - Submitted February 27, 1992 -- Decided June 17, 1992.)

Appeal from the Board of Tax Appeals, No. 89-F-662.

The Tax Commissioner assessed appellant, Richard C. Weiss, as a responsible officer of Boardman Country Kitchen, Inc. ("Boardman C.K.") under R.C. 5739.33 for unpaid sales tax for periods from February 1982 through September 1986.  On appeal to the Board of Tax Appeals ("BTA"), testimony and other evidence were presented.  Appellant contended that he was not a responsible officer and that payment plan agreements relative to the underlying sales tax obligation of Boardman C.K. estopped the commissioner from pursuing appellant for the obligation. However, the BTA found that appellant was personally responsible for the corporation's failure to remit sales tax, and that the commissioner was not estopped.  Accordingly, it affirmed the assessment.

Appellant's appeal to this court raises the single issue of whether the state of Ohio is estopped from proceeding with its collection effort against appellant.

Appellant was an original incorporator and a substantial shareholder of Boardman C.K.  During the audit periods, he served as its president.  Boardman C.K.'s unpaid sales tax balance outstanding as of October 31, 1986, $134,092.40, was certified for collection to the Attorney General's Office.  A conditional payment plan agreement was negotiated.

The Attorney General agreed to withhold further legal action against Boardman C.K. upon conditions set forth.  These conditions included an initial payment of $15,000 and regular monthly payments of $1,000 for the first year, increasing thereafter. The agreement did not constitute a settlement of the outstanding sales tax obligation, a commitment relative to uncertified sales tax obligations, or a release of the corporation or any of its responsible officers. Some payments were made under the agreement.

On December 1, 1986, Boardman C.K. sold its assets to a corporation known as W.W.& W. C.K., Inc.  The state of Ohio, the Attorney General, and the Tax Commissioner were not parties to this agreement.  In the agreement, W.W.&W. C.K., Inc. indemnified appellant against "Ohio State Sales Tax [of] $105,000."  By letter of September 11, 1987, the Attorney General required payments of $1,000 per month against an outstanding obligation of $206,000 in tax delinquencies, including sales tax and withholding tax, for sixty to ninety days, and a good faith effort to increase payments after that time.

In appellant's appeal of the assessment against him, the BTA found that "* * * principles of equitable estoppel generally may not be applied against the State of Ohio or its agencies when the act or omission complained of involves the exercise of a

government function. * * *

"Specifically, estoppel does not apply against the State of Ohio as to a taxing statute.* * *" (Citations omitted.)

The cause is now before this court upon an appeal as of right.

Walter, Haverfield, Buescher & Chockley, Perry B. Newman and Kevin R. Keogh, for appellant.

Lee I. Fisher, Attorney General, and Janyce C. Katz, for appellee.

Per Curiam. Appellant contends that the BTA erroneously construed the doctrine of estoppel and erroneously concluded that the state was not bound by equitable principles in its dealings with appellant. We disagree.

In the first paragraph of the

syllabus of Recording Devices, Inc. v. Bowers (1963), 174 Ohio St. 518, 23 O.O.2d 150, 190 N.E.2d 258, we stated: "Estoppel does not apply against the state of Ohio as to a taxing statute." However, we qualified this pronouncement at 520, 23 O.O.2d at 151, 190 N.E.2d at 260: "* * * yet where a long-established practice has been followed, such administrative practice does have much persuasive weight especially where the practice has gone on unchallenged for a quarter of a century."

In Recording Devices, supra, and in Ormet Corp. v. Lindley (1982), 69 Ohio St.2d 263, 266, 23 O.O.3d 257, 259, 431 N.E.2d 686, 689, we acknowledged the commissioner's grant of an exemption. In both of those cases, "* * * an exemption was granted, in writing, by the commissioner. Further, the error continued for an extended period of time." (In Recording Devices, it continued for twenty-five years; in Ormet, over twenty years.)

Here, we have no evidence of any longstanding administrative practice to exempt appellant from liability. Accordingly, the decision of the BTA is affirmed.

Decision affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, H. Brown and Resnick, JJ., concur.

Wright, J., concurs in judgment only.