WEISS, OFFICER OF BOARDMAN COUNTRY KITCHEN, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Weiss v. Limbach* (1992), 64 Ohio St.3d 79.]

(No. 91–1209—Submitted February 27, 1992—Decided June 17, 1992.)

*Walter, Haverfield, Buescher & Chockley, Perry B. Newman* and *Kevin R. Keogh,* for appellant.

*Lee I. Fisher,* Attorney General, and *Janyce C. Katz,* for appellee.

---

*Per Curiam.* Appellant contends that the BTA erroneously construed the doctrine of estoppel and erroneously concluded that the state was not bound by equitable principles in its dealings with appellant. We disagree.

In the first paragraph of the syllabus of *Recording Devices, Inc. v. Bowers* (1963), 174 Ohio St. 518, 23 O.O.2d 150, 190 N.E.2d 258, we stated: "Estoppel does not apply against the state of Ohio as to a taxing statute." However, we qualified this pronouncement at 520, 23 O.O.2d at 151, 190 N.E.2d at 260: " * * * yet where a long-established practice has been followed, such administrative practice does have much persuasive weight especially where the practice has gone on unchallenged for a quarter of a century."

In *Recording Devices, supra,* and in *Ormet Corp. v. Lindley* (1982), 69 Ohio St.2d 263, 266, 23 O.O.3d 257, 259, 431 N.E.2d 686, 689, we acknowledged the commissioner's grant of an exemption. In both of those cases, " * * * an exemption was granted, in writing, by the commissioner. Further, the error continued for an extended period of time." (In *Recording Devices,* it continued for twenty-five years; in *Ormet,* over twenty years.)

Here, we have no evidence of any longstanding administrative practice to exempt appellant from liability. Accordingly, the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.