GENERAL MOTORS CORPORATION, APPELLANT,
*v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Gen. Motors Corp. v. Limbach* (1993), 67 Ohio St.3d 90.]

(No. 92–1407—Submitted June 1, 1993—Decided August 11, 1993.)

*Jones, Day, Reavis & Pogue* and *Roger F. Day,* for appellant.

*Lee I. Fisher,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

*Per Curiam.* GM admits that it owes additional tax due to the federal adjustments and that R.C. 5733.12 bars refund since its claim is not timely. Moreover, the commissioner admits, without admitting that the instant interest income is not taxable, that interest from federal obligations is not taxable.

GM, however, argues, in Proposition of Law No. 1, that R.C. 5733.031(C) requires it to file complete amended returns, so that it may offset the added tax due to the federal adjustments with the amount it should not have paid had it correctly filed its initial returns.

R.C. 5733.031(C) states:

"If any of the facts, figures, computations, or attachments required in a corporation's annual report to determine the tax charged by this chapter must be altered as the result of an adjustment to the corporation's federal income tax return, whether initiated by the corporation or the internal revenue service, and such alteration affects the corporation's tax liability under this chapter, the corporation shall file an amended report with the tax commissioner in such form as the commissioner requires.  * * *

"The amended report shall be deemed a report subject to assessment under section 5733.11 of the Revised Code for the purpose of assessing any additional tax due under this division, together with any applicable penalty and interest.  It shall not reopen those facts, figures, computations, or attachments from a previously filed report no longer subject to assessment that are not affected, either directly or indirectly, by the adjustment to the corporation's federal income tax return."

Contrary to GM's contention, R.C. 5733.031(C) does not direct it to file a complete amended report;  it requires GM to file a report incorporating the federal adjustments.  In *McLean Trucking Co. v. Lindley* (1982), 70 Ohio St.2d 106, 24 O.O.3d 187, 435 N.E.2d 414, the taxpayer had not filed amended returns after federal adjustments and the commissioner assessed the federal adjustments along with additional corrections he identified in his audit.  We held that the reports to be audited were the reports filed under R.C. 5733.031.  We further held that the corrections must relate only to the federal adjustments, not later identified deficiencies.  At 70 Ohio St.2d at 112, 24 O.O.3d at 190–191, 435 N.E.2d at 418, we stated:

"We categorically reject, as impractical, [the commissioner's] contention that, if a taxpayer fails to file an amended franchise tax report, there is *no* bar or *no* time limit to the assessment which may be issued.  The wholesale re-opening of a taxpayer's reports on such an unrestricted basis would impede the attainment of the goals of certainty and finality in tax planning and tax collection—for both the taxpayer and the Tax Commissioner."

Thus, the amended report filed under R.C. 5733.031(C) must report adjustments caused by a federal audit and "shall not reopen those facts, figures, computations, or attachments from a previously filed report no longer subject to assessment that are not affected, either directly or indirectly, by the adjustment to the corporation's federal income tax return." R.C. 5733.031(C).

In GM's second proposition of law, it argues that the federal immunity clause, interpreted in *Memphis Bank,* absolutely bars tax on this income. However, in *Coca–Cola Bottling Co. v. Lindley* (1978), 54 Ohio St.2d 1, 8 O.O.3d 1, 374 N.E.2d 400, we denied a refund under a constitutional claim because the taxpayer had not filed its refund application timely. The decision, 54 Ohio St.2d at 4, 8 O.O.3d at 3, 374 N.E.2d at 402, stated that "the three-year deadline [of R.C. 5733.12] is absolute." Further, in *Block v. North Dakota ex rel. Bd. of Univ. & School Lands* (1983), 461 U.S. 273, 292, 103 S.Ct. 1811, 1822, 75 L.Ed.2d 840, 857, the United States Supreme Court stated that: "[a] constitutional claim can become time-barred just as any other claim can." Accordingly, GM must apply timely for a refund to sustain a constitutional challenge to a tax on the disputed income. It failed to do so here.

Finally, in its third proposition of law, GM contends that the court should adopt the doctrine of equitable recoupment to allow this time-barred tax refund to be set off against the deficiency assessment. The commissioner replies that the court does not possess equity jurisdiction in tax proceedings, and, in any event, equitable recoupment does not apply to this case.

In *United States v. Dalm* (1990), 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548, 561, the United States Supreme Court summarized the doctrine: "a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction." According to *Stone v. White* (1937), 301 U.S. 532, 534–535, 57 S.Ct. 851, 852–853, 81 L.Ed. 1265, 1269–1270, the doctrine is grounded in equity.

GM's dilemma is that we have consistently held that equity does not apply to the state as to taxing statutes. In *Recording Devices, Inc. v. Bowers* (1963), 174 Ohio St. 518, 23 O.O.2d 150, 190 N.E.2d 258, syllabus, we stated:

"[The equitable principle of] [e]stoppel does not apply to the State of Ohio as to a taxing statute."

In *State ex rel. Donsante v. Pethtel* (1952), 158 Ohio St. 35, 48 O.O. 3, 106 N.E.2d 626, paragraph one of the syllabus, we held:

"Where taxes are legally assessed, the taxing authority is without power to compromise, release or abate them except as specifically authorized by statute." Accord *Interstate Motor Freight Sys. v. Donahue* (1966), 8 Ohio St.2d 19, 37

O.O.2d 305, 221 N.E.2d 711; *Weiss v. Limbach* (1992), 64 Ohio St.3d 79, 591 N.E.2d 1242.

Thus, to date, we have not applied equitable principles to tax matters. We decline to do so now.

Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.