OPINION
This appeal is taken by Plaintiff-Appellant Mobile Instrument Service and Repair, Inc., from the judgment entered by the Ohio Board of Tax Appeals affirming the use tax assessment issued by the Ohio Tax Commissioner.
On October 5, 1992, Appellant, Mobile Instrument Service Repair, Inc. (hereinafter "Mobile") acting through its President Mr. Dwight Reed purchased a Mitsubishi MU2b-36 aircraft from Professional Jet in Florida. Earlier that same day Professional Jet had acquired title from the previous owner, the Ducane Company and Atlantic Soft Drinks in South Carolina. At the time of purchase Mr. Reed paid no sales tax. At a hearing before the Board of Tax Appeals Mr. Reed stated his purpose for buying the aircraft out of the State of Ohio was to avoid paying Ohio sales tax. Mr. Reed stated in part:
 "I thought there would be sales tax put on; so that was part of the reason for buying it out of state because of the significant tax burden, and we thought we would be relieved of any tax, according to the brokers we purchased it from, because it was purchased out of state."
In January of 1997, the Ohio Department of Taxation conducted an audit of Mobile regarding its purchase of the aircraft. Based on the information received from Mobile concerning the aircraft and its out of state purchase the Ohio Tax Commissioner determined that Ohio Use Tax in the amount of $23,100.00 was due by February 28, 1997.
Reed responded to the notice from the Department of Taxation and requested that the department provide further statutory proof that Mobile owed use tax. On March 13, 1997, the Ohio Department of Taxation sent Reed another letter addressing the tax owed by Mobile and included those sections of the Revised Code that were applicable. Mobile did not pay the tax.
On September 12, 1997, after an audit review of information concerning the aircraft, the Ohio Department of Taxation sent Mobile an audit detail informing Mobile of the processes used in determining the tax, interest and penalties. This was not a formal assessment.
On September 16, 1997, the Ohio Department of Taxation sent Mobile a formal tax assessment, including interest and penalties due. Mobile immediately filed a petition for reassessment requesting a hearing. Mobile listed the following reasons for the request:
 The assessment was not issued prior to the expiration of the statute of limitations as required by law.
 The sales tax returns of Mobile Instrument Service 
Repair, Inc. have not been audited.
 The aircraft was purchased from another owner. A broker was used only for title search and paper work. The aircraft was not purchased from a dealer or broker.
The Tax Commissioner's Hearing Board scheduled Mobile's hearing on the petition for reassessment for March 25, 1998. On June 9, 1998, after a formal hearing the Tax Commissioner made a final determination that the assessment was indeed valid and that the Statute of Limitations did not begin to run because Mobile had failed to file a Use Tax return. The determination is in part:
 As argued by petitioner, the subject assessment was clearly issued more than four years after the date of the purchase. However, the statute of limitations does not prohibit such an assessment if the "person failed to file a return." The file contains no information that the petitioner filed a return for purposes of paying use tax on this purchase. Furthermore, there is no evidence that the petitioner had a consumer's use tax account for purposes of paying use tax on its purchases. Accordingly, the September 16, 1997, assessment is not barred by the statute of limitations.
On June 29, 1998, Mobile filed notice of appeal requesting a hearing before the Board of Tax Appeals. The appeal was granted and on November 16, 1998, the Board of Tax Appeals held a hearing concerning the Use Tax assessment. On June 30, 2000, after a full hearing the Board of Tax Appeals affirmed the determination of the Tax Commissioner concerning the Use Tax assessment. The Board found all of Mobile's arguments to be "without merit".
On appeal from that judgment Mobile presents the following two assignments of error:
 The Board of Tax Appeals erred by agreeing that the four-year statute of limitation never commenced to run.
 The Board of Tax Appeals' decision was contrary to law and unreasonable and arbitrary as applied to appellant taxpayer.
Our standard of review in this case is fixed by statute. We must review the record and the evidence upon which the decision of the Board of Tax Appeals is based to determine whether the decision is reasonable and lawful. If it is we must affirm. R.C. 5717.04. These statutory guidelines are reinforced by case law.
The Ohio Supreme Court has decided that in an appeal from a decision of the Board of Tax Appeals, the Courts function "is to review the board's decision to determine if it is reasonable and lawful. * * * As long as there is evidence which reasonably supports the conclusion reached by the board, the decision must stand." Highlights for Children, Inc. v.Collins (1977), 50 Ohio St.2d 186, 187-188. See also, PPG Industries,Inc. v. Koysdar (1981), 65 Ohio St.2d 80; American Steamship Co. v.Limbach (1991), 61 Ohio St.3d 22.
The Court of Appeals is bound by the record that was before the Board of Tax Appeals and may not substitute its judgment for that of the board. Denis Copy Co. v. Limbach (1992), 76 Ohio App.3d 768 . Additionally, the Board of Tax Appeals has wide discretion in determining the weight to be given the evidence and the credibility of witnesses that come before it. Cardinal Fed. S. L. Assn. V. Cuyahoga Cty Bd. ofRevision (1975), 44 Ohio St.2d 13. Finally, we note that the burden of demonstrating that the determination is unlawful and unreasonable falls upon the appellant, Mobile. R.C. 5717.04; Hatchadorian v. Lindley
(1986), 21 Ohio St.3d 66.
In its first and second assignments of error Mobile argues that the Board of Tax Appeals erred when it "agreed" that the four-year statute of limitations had not run on the use tax assessment. Furthermore, Mobile claims that the State of Ohio is estopped from relying on the tax return filing date to commence the running of the statute of limitations because the State of Ohio misled the public and Mobile into believing that the use tax return and payment is voluntary by using a VP-USE (Ohio Use Tax Voluntary Payment) form.
We are therefore, presented with a limited assignment of error. Mobile does not argue that the Use Tax does not apply but rather argues that the Statute of Limitations has run and the State of Ohio therefore, may not assess a tax. We limit our review to the applicability of the four-year statute of limitations and therefore address the assignments together.
R.C. 5741.16 provides a four-year statute of limitations for assessing tax against a seller or consumer. It is in part:
 No assessment shall be made or issued against a seller or consumer for any tax imposed by or pursuant to * * * more than four years after the return date for the period in which the sale or purchase was made, or more than four years after the return for such period was filed, whichever date is later. This section does not bar an assessment:
 (B) When the person assessed failed to file a return as required by section 5741.12 of the Revised Code. (Emphasis added)
Mobile concedes and the record is clear that Mobile failed to file a tax return in compliance with R.C.5741.12. Despite this Mobile argues that it should not be required to pay the tax because the form misled it into thinking the tax was voluntary and therefore the State of Ohio is estopped from levying the assessment. However, the Supreme Court has held that, "[t]he statute is clear on its face; the assessment is not time-barred if the taxpayer fails to file a return as required by R.C.5741.12." Spartan Chem. Co. v. Tracy (19950, 72 Ohio St.3d 200, 202.
Furthermore, as to the issue of estoppel, in Ormet v. Lindley (1982),69 Ohio St.2d 263, 265, the Supreme Court of Ohio held:
 "It is well established that `the principal of estoppel does not apply against the state with regard to a taxing statute.' American Handling Equipment co. v. Kosydar (1975), 42 Ohio St.2d 150, 153, 326 N.E.2d 660; H.C. Albring Co. v. Kosydar (1976), 46 Ohio St.2d 343, 345, 348 N.E.2d 703; Switzer v. Kosydar (1973), 36 Ohio St.2d 65, 67, 303 N.E.2d 860.
The Supreme Court went on to state that there was an exception to the general rule. That exception is extremely limited. It is in part:
 "[W]here a long-established practice has been followed, such administrative practice does have much persuasive weight especially where the practice has gone unchallenged for a quarter of a century." Id. at 266 (citations omitted.)
Mobile has failed to present evidence of any such "long-established" procedure. Instead Mobile asserts that the State of Ohio has led the taxpayer to believe that use tax is voluntary but has presented us with no evidence of those taxpayers who have been so misled. Furthermore, it should be noted that the payment form Mobile claims is misleading, does indeed establish when use tax is due and does not state in anyway that said tax is voluntary. It is in part:
 If you are not currently registered with Ohio for reporting consumer's use tax, you should review your purchase records for the last year and determine if Ohio use tax is due. * * *.
Examples of taxable purchases would be but are not limited to:
* * *
 3) Items purchased from an out-of-state supplier on which no tax has been paid but tax would have been paid if purchased on Ohio.
In light of the foregoing facts and analysis we find that Mobile has failed to show as required by law that the determination made by the Board of Tax Appeals was "unlawful and unreasonable". No error having been shown Mobile's assignments of error are overruled and the judgment of the Board of Tax Appeals is affirmed.
WALTERS and SHAW, JJ., concur.