**FOREST HILLS LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Plaintiff,**

**v.**

**NOE et al., Defendants.**

2007-Ohio-6082.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2006 CVH 01115.

Decided Jan. 3, 2007.

David J. Lampe, for plaintiff.

Stephen C. Crowe, for defendant.

RINGLAND, Judge.

{¶ 1} Pending before the court is the motion for summary judgment filed by plaintiff, Forest Hills Local School District Board of Education. Plaintiff filed its motion on October 23, 2006. Defendants, Gary Noe and Pamela Noe, filed their

memorandum in opposition to plaintiff's motion on December 18, 2006, with plaintiff's reply following on December 19, 2006. The parties argued their respective positions to the court on December 19, 2006, and thereafter submitted the matter for the court's consideration.

{¶ 2} The court, having considered the arguments of counsel, the evidentiary materials submitted by the parties, and the relevant legal authority, hereby decides the motion as follows.

## FACTUAL BACKGROUND

{¶ 3} This dispute arises from the location of defendants' residence in relation to the boundaries of the West Clermont and Forest Hills Local School Districts. In essence, defendants' home and property consist of two separate parcels straddling both school district and county lines. Both parcels are titled in the name of defendant Gary Noe. According to auditor records, the portion of the property located at 3256 Mt. Carmel Road is located within Clermont County and contains the defendants' entire residence. This property lies within the West Clermont Local School District. Auditor records also indicate that the parcel formerly addressed as 3259 Mt. Carmel Road [1] lies within Hamilton County and contains no part of defendants' residential structure. This portion of the property is located within the Forest Hills Local School District.

{¶ 4} Plaintiff seeks tuition reimbursement from defendants, alleging that Jesse and Joshua Coday, defendant Pamela Noe's two children from a previous marriage, were wrongfully enrolled in the Forest Hills Local School District from 1999 through 2005.[2] Specifically, plaintiff asserts that defendants' residence lies within the West Clermont Local School District, making the Coday children ineligible to attend Forest Hills schools on a tuition-free basis during this time. In support of its claim, plaintiff points to the decision rendered by the Ohio Department of Public Education ("ODPE") in which the Superintendent of Public Instruction ("Superintendent") concurred with Plaintiff's contentions regarding residence and eligibility (the "ODPE Decision").

{¶ 5} Defendants do not oppose the ODPE's finding that the children were improperly enrolled in Forest Hills schools during the years in question, nor do they question the accuracy of the property records compiled by the Clermont and Hamilton County auditors. Rather, they dispute their liability for the tuition. Defendants claim instead that the West Clermont Local School District is

---

1. The May 17, 2006 decision of the Ohio Department of Education notes that the address of this property was changed to 3256 Mt. Carmel Road as of October 20, 2004.

2. Only Jesse Coday attended school in the Forest Hills Local School District during the 2004–2005 school year.

responsible for payment because of the property taxes defendants paid into that district during the relevant period. Alternatively, they argue that the taxes paid on the Hamilton County parcel located within the Forest Hills Local School District suffice to fully or partially extinguish the tuition liability. Defendants also argue that summary judgment is procedurally improper, citing plaintiff's statutory inability to collect the tuition from them and its failure to evidence the accuracy of the amount owed in the manner required by law. Defendants also claim that Gary Noe, as neither the natural parent nor legal guardian of the children, is an improper party to the proceedings, and that plaintiff's complaint should be dismissed for failure to properly join the West Clermont Local School District as a defendant.[3]

## LEGAL STANDARD

{¶ 6} Summary judgment is proper when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in its favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.

{¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 359, 604 N.E.2d 138.

## LEGAL ANALYSIS

### A. The Finality of the ODPE Decision Binds the Court with Respect to Its Interpretation of R.C. 3313.64 and Defendants' Residency

{¶ 8} As a preliminary matter, the court notes that the residency decision rendered by the ODPE on May 17, 2006, must be accepted by the court as fact.

---

3. Defendants initially filed a counterclaim for breach of contract, but have since constructively admitted that no contract or board resolution permitted the children's tuition-free attendance at Forest Hills schools by failing to deny plaintiff's requests for admission to this effect. See Civ.R. 36(A). Defendants do not dispute this resolution.

**6**

R.C. 119.12 permitted defendants to appeal the ODPE decision by filing the applicable notice with the ODPE and the Franklin County Court of Common Pleas no later than June 1, 2006. See R.C. 119.12. Because defendants took no such action, the conclusions reached by the ODPE decision—including defendants' residency within the West Clermont Local School District—are now final, and no genuine issue of material fact remains as to them.

{¶ 9} The effects of the ODPE decision's finality are twofold. First, the court must conclude that defendants resided within the West Clermont Local School District for purposes of R.C. 3313.64(B)(1). Second, on this basis, defendants' arguments that tuition obligations to plaintiff were entirely or partially fulfilled by virtue of taxes paid on the Hamilton County parcel must necessarily fail: applying the logic of *Massie v. Lexington Local Schools Bd. of Edn.* (July 3, 2001), 5th Dist. No. 00–CA–101, 2001 WL 815532, the law provides that the residency of the children depends on such factors as the location of the parental dwelling structure, being physically present in a household for significant periods, and activities such as eating, sleeping, relaxing, and receiving mail. Id. at *2, citing *In re White* (1998), 128 Ohio App.3d 387, 715 N.E.2d 203 and *Baucher v. Bd. of Edn. of Coldwater Exempted Village School Dist.* (1971), 31 Ohio Misc. 49, 58 O.O.2d 387, 277 N.E.2d 92; see, also, Baldwin's Ohio School Law (2007), Section 23.3 (providing indications of residency). It is unrelated to the ownership of other parcels or the payment of taxes on those parcels. Defendants' home sits entirely within Clermont County and the West Clermont Local School District, rendering the auditor's assignment of the Hamilton County parcel to the Forest Hills Local School District and the taxes paid on that parcel irrelevant. See *Massie,* supra; see, also, 1962 Ohio Atty.Gen.Ops. No. 3331, at 792. While this court does not presume to review the ODPE decision, it would nonetheless concur with the findings of the superintendent on the basis of the applicable case law. See *Massie,* supra.

### B. The Propriety of Joinder and Dismissal of Parties under Civ.R. 19 and Civ.R. 19.1

{¶ 10} Defendants raise arguments regarding the required joinder and dismissal of certain parties to the suit. Civ.R. 19 and Civ.R. 19.1 govern the concept of joinder. Civ.R. 19(A) provides as follows:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of

incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subroger, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7).

Civ.R. 19(A). Civ.R. 19.1(A), in turn, mandates when joinder is compulsory:

A person who is subject to service of process shall be joined as a party in the action, except as provided in division (B) of this rule, if the person has an interest in or a claim arising out of the following situations: (1) Personal injury or property damage to the person or property of the decedent which survives the decedent's death and a claim for wrongful death to the same decedent if caused by the same wrongful act; (2) Personal injury or property damage to a husband or wife and a claim of the spouse for loss of consortium or expenses or property damage if caused by the same wrongful act; (3) Personal injury or property damage to a minor and a claim of the parent or guardian of the minor for loss of consortium or expenses or property damage if caused by the same wrongful act; (4) Personal injury or property damage to an employee or agent and a claim of the employer or principal for property damage if caused by the same wrongful act. If he has not been so joined, the court, subject to subdivision (B) hereof, shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Civ.R. 19.1(A). Defendants claim that plaintiff's failure to join the West Clermont Local School District as a defendant renders summary judgment inappropriate. Defendants further assert that plaintiff's improper inclusion of defendant Gary Noe in the suit requires his dismissal as a party. The court will address the proper involvement of each, but first notes that in each case, Civ.R. 19.1(A) is inapplicable because this matter involves neither personal injury nor property damage of the type contemplated by its terms. See Civ.R. 19.1(A). Furthermore, should the court determine that West Clermont Local School District is a necessary party to these proceedings, an order requiring its joinder as a defendant—and not an order dismissing the action as plaintiff references in its reply—is the appropriate remedy. See Civ.R. 19(A).

### 1. Joinder of Gary Noe

{¶ 11} Defendants claim that even in the event that R.C. 3327.06(B) permits plaintiff to collect tuition from the "parents" of the Coday children, that obligation extends only to Pamela Noe. Defendants point the court towards the

relevant definition of the term: "either parent, *unless the parents are * * * divorced * * * in which case 'parent' means the parent who is the residential parent and legal custodian of the child.*" (Emphasis added.) R.C. 3313.64(A)(1)(a). In the affidavits accompanying their memorandum in opposition, defendants each attest that Gary Noe is neither the natural nor the adoptive parent of the Coday children. Plaintiff presents no contrary evidence establishing an issue of material fact as to this contention. Accordingly, the court holds that, as a matter of law, plaintiff may not collect the disputed tuition from Gary Noe because he is not covered by R.C. 3327.06.

### 2. Joinder of Richard Coday

{¶ 12} While defendants do not expressly make the argument in their brief, plaintiff nevertheless correctly states that Richard Coday, the natural father of the Coday children, need not be joined as a defendant in this action. The evidence clearly establishes that Richard Coday is not the residential parent of the Coday children. See R.C. 3327.06. Similarly, the record contains no evidence suggesting that he is their legal custodian. See id. Pamela Noe's 1998 divorce predates the enrollment of the Coday children at Forest Hills, thus removing Richard Coday from the scope of the relevant statutes as well.

### 3. Joinder of West Clermont Local School District

{¶ 13} Defendants argue that plaintiff has failed to join the West Clermont Local School District as a necessary party defendant. As the primary basis for this claim, defendants cite R.C. 3327.06(A) for the proposition that it obligates West Clermont Local School District to reimburse defendants for the tuition accrued during the Coday children's enrollment in Forest Hills schools. However, the court disagrees with this statement and finds R.C. 3327.06(A) wholly inapplicable to the present case.

{¶ 14} The plain language of R.C. 3327.06(A) indeed provides for tuition credits when pupils attend school in a district other than that to which they are entitled. However, these credits apply *only* to a child's attendance "pursuant to [R.C.] 3327.04." See R.C. 3327.06(A). R.C. 3327.04 allows boards of education to contract for the admission of the pupils of one district into the schools of the other on such terms as are agreeable between them. See R.C. 3327.04(A). In cases where such contracts are present, R.C. 3327.06(A) provides the vehicle by which tuition is credited between the districts. See R.C. 3327.06(A). But in the present case, defendants conceded during oral argument that no such contract existed between plaintiff and West Clermont Local School District covering the

admission of the Coday children and the crediting of their tuition. Therefore, R.C. 3327.06(A) does not apply.

{¶ 15} Instead, R.C. 3327.06(B) applies to these facts. It states:

When the board of education of a * * * local school district admits to the schools of its district any pupil who is not entitled to be admitted to the district's schools under [R.C. 3313.64(B) ] for whose attendance tuition is not an obligation of the board of another district of this state, such board shall collect tuition for the attendance of such pupil from the parents or guardian of the pupil * * * in the manner prescribed by section 3317.08 of the Revised Code.

R.C. 3327.06(B). The lack of any contractual agreement between plaintiff and West Clermont Local School District controls here as well. While the language contained in the statute itself—"for whose attendance tuition is not an obligation of the board of another district of this state"—fails to expressly set forth the circumstances under which a district assumes liability for tuition, it is nonetheless interpreted to mean that West Clermont Local School District would become obligated to pay the tuition for the Coday children only were such a contract in place. See 1951 Ohio Atty.Gen.Ops. No. 552, at 295; see, also, 1969 Ohio Atty.Gen.Ops. No. 69–111 (applying R.C. 3313.64 and R.C. 3327.06 together in finding tuition liability to rest with student).

{¶ 16} While recognizing that the opinions of the Attorney General are nonbinding, the court nonetheless finds no other Ohio case law or authoritative text reaching a different interpretation of this language from that expressed by the Attorney General's office 55 years ago.[4] The Ohio legislature is apparently satisfied with a reading of the statute that requires a contract between the districts to precede attachment of liability for tuition, as it has not substantively changed the language of R.C. 3327.06(B) since the 1951 opinion issued. As a result, the court cannot find that joinder of West Clermont Local School District is required to afford complete relief among plaintiff and defendants, nor can it find that West Clermont Local School District has any interest in the action as an assignor, assignee, subrogor, or subrogee in the absence of any contract with plaintiff. See Civ.R. 19(A). Accordingly, the court holds that joinder of West Clermont Local School District is not required and that R.C. 3327.06(B) requires

---

4. In addition, the court finds nothing to contradict the related opinion that "[a] school board or school district is not empowered to make tuition payments, except in those instances specifically provided for by statute." 1969 Ohio Atty.Gen.Ops. No. 69–040. (Emphasis added.) Instead, further review reveals that boards of education are without authority under R.C. 3313.17 to waive tuition payments in instances where students may be admitted to the districts schools only upon the payment of tuition. See 1962 Ohio Atty.Gen.Ops. No. 2766. The West Clermont Local School District apparently lacks the discretionary power to reimburse plaintiff, and plaintiff lacks the discretionary power to waive its collection of tuition. See id.

plaintiff to assess defendant Pamela Noe for the Coday children's tuition in the manner prescribed by R.C. 3317.08.

## C. Computation of Tuition Amounts Owed under R.C. 3317.08

{¶ 17} Defendants argue that R.C. 3317.08 requires plaintiff to certify the outstanding tuition balance and follow the outlined procedure to obtain payment from the West Clermont Local School District Board of Education. However, the portion of R.C. 3317.08 defendants reference applies only to instances in which a school district "admits a child to its schools *for whom tuition* * * * *is an obligation of another school district.*" (Emphasis added.) R.C. 3317.08. Because the court is required to read this statute conjunctively with R.C. 3327.06(B), such an obligation accrues only when one school district contracts with another school district to allow for the admission of students otherwise ineligible to attend. See R.C. 3327.06(B). As noted, no contract allowing for the admission of the Coday children exists between plaintiff and West Clermont Local School District. Plaintiff therefore need not follow the procedure defendants advocate.

{¶ 18} However, R.C. 3317.08 does require that tuition amounts for each school year be calculated pursuant to the formula provided therein. Defendants claim in their memorandum opposing summary judgment that plaintiff fails to adduce evidence regarding the propriety of the total amount claimed due for the Coday children's education. In response, plaintiff has supplemented the evidence by way of affidavit to include tuition computations received from the Ohio Department of Education. These documents set forth plaintiff's tuition rates for 1999 through 2005, the years in question, as certified pursuant to R.C. 3317.021(A)(3) and 3317.03. The court finds these documents sufficient to resolve any issue of material fact as to the amount of yearly tuition obligation for the Coday children.

## D. Applicability of Estoppel to Political Subdivisions

{¶ 19} While not briefed by the parties, the court nonetheless questioned the applicability of principles of estoppel to the present facts during oral arguments. The Ohio Supreme Court has adopted and applied the doctrine of equitable estoppel as set forth by Williston:

> It is generally held that a representation of past or existing fact made to a party who relies upon it reasonably may not thereafter be denied by the party making the representation if permitting the denial would result in injury or damage to the party who so relies. The party making the representation is denied, by virtue of equitable estoppel, the right to plead or prove the existence of facts contrary to his representations. [* * *] The doctrine preventing the denial is known as equitable estoppel or estoppel in pais.

*Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, at ¶ 20, citing 4 R. Lord, Williston on Contracts (4th Ed.1992) 28–31, Section 8:3. In contrast, promissory estoppel is applied as follows: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by the enforcement of the promise." *Hortman*, supra, citing Restatement of the Law 2d, Contracts (1981) 242, Section 90.

{¶ 20} The Ohio Supreme Court indicated that "as a general rule," estoppel did not apply against a state or its agencies engaged in the exercise of governmental functions. See *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145–146, 555 N.E.2d 630. Subsequent state court decisions interpreted this language as permitting certain exceptions to the rule regarding political subdivision liability. For example, in *Hurst v. Brown* (Sept. 26, 1991), No. 205, 1991 WL 192145, the Seventh District elected to recognize such an exception and applied equitable estoppel against the state when the actions and inaccurate statements of its agents led the appellants astray from the very beginning of their endeavor and induced their detrimental reliance. Id. at *2. The court believes the situation defendants presently face is analogous to the situation confronted by the appellants in *Hurst*.

{¶ 21} However appealing the logic of the *Hurst* decision may be, the Ohio Supreme Court prohibits the issuance of a similar remedy. In *Hortman*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, the Ohio Supreme Court took great pains to restrict the scope of *Frantz*, flatly rejecting the linguistic interpretation necessary to permit the exceptions contemplated by Ohio's lower courts. *Hortman* clarifies earlier case law by stating, without exception, that "the doctrines of equitable estoppel and promissory estoppel *are inapplicable against a political subdivision* when the political subdivision is engaged in a governmental function." (Emphasis added.) *Hortman*, syllabus and ¶ 25.

{¶ 22} In the present case, it is clear that plaintiff's representatives performed a governmental function in providing attendance information to defendants, regardless of the accuracy of the information. The court is thereby constrained to find the application of estoppel improper as a matter of law.

## CONCLUSION

{¶ 23} The liability in this case appears to stem primarily, if not entirely, from unintended misinformation passed from the plaintiff or West Clermont Local School District to defendants. This is not a case in which defendants voluntarily rejected the free education provided by a known district of residence,

but rather an instance in which the information they received regarding where to send the Coday children to school was incorrect. While clearly unfortunate, this court is bound to follow the directives of the state legislature and is further limited by statute (including the Political Subdivision Tort Liability Act, R.C. 2744 et seq.) in the relief it may provide and the actions it must endorse. Not only does the Ohio Supreme Court prohibit the application of the equitable remedy of estoppel, it also prohibits state courts from issuing equitable relief in matters regarding the assessment and collection of taxes. See, e.g., *Gen. Motors Corp. v. Limbach* (1993), 67 Ohio St.3d 90, 93, 616 N.E.2d 204.

{¶ 24} As a result, the court must find that plaintiff's motion for summary judgment is granted with respect to its entitlement to tuition reimbursement from defendant Pamela Noe in the amount requested. However, because plaintiff has not demonstrated a statutory right to pre-judgment interest, this request is denied. Because defendant Gary Noe is not a person from whom tuition may be collected under R.C. 3327.06, plaintiff's motion is denied as to his liability. On the basis of defendants' deemed admissions, plaintiff's motion for summary judgment as to defendants' counterclaim is granted.

So ordered.